UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HUMBERTO URDAY,**<br><br>          Plaintiff,<br><br>vs.<br><br>**ACA INDUSTRIES, INC., d/b/a AMERICAN MAINTENANCE, INC., MAYCO BUILDING SERVICES, INC., and ALEXANDER ALEX, Individually,**<br><br>          Defendants. | Civil Action No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff HUMBERTO URDAY ("Plaintiff" or "Urday"), on behalf of himself and all others similarly situated, by and through his attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, ACA INDUSTRIES, INC., d/b/a AMERICAN MAINTENANCE, INC. ("American Maintenance"), MAYCO BUILDING SERVICES, INC. ("Mayco"), and ALEXANDER ALEX, Individually ("Individual Defendant" or "Alex"), (the Corporate Defendants and the Individual Defendants are referred to collectively as "Defendants") and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et. seq. ("FLSA"), on behalf of himself and all other persons similarly situated who suffered damages as a result of Defendants' violations of the FLSA and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and

1

the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2. As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Plaintiff and all other similarly situated employees for their overtime hours worked based upon their unlawful policies and practices. Defendants failed to pay Plaintiffs and others similarly situated for some of their hours worked in excess of forty (40) hours per work week at a time and a half rate of pay in direct violation of the FLSA and applicable state laws of the State of New York.

3. Plaintiff has retained the law offices of Jaffe Glenn Law Group, P.A., to represent him in this matter.

4. Plaintiff worked for Defendants as a non-exempt cleaner/maintenance worker in and about New York from in or about 2002, through in or about mid-April, 2014.

5. Defendant, ACA Industries, Inc., d/b/a American Maintenance, Inc., is a corporation organized under the laws of the State of New York, with an address for service of process located at 385 West Main Street, Babylon, New York, 11702.

6. Defendant Mayco is a corporation organized under the laws of the State of New York with an address for service of process located at 385 West Main Street, Babylon, New York, 11702.

7. Upon information and belief, at all times relevant to this Complaint, the corporate defendants are in the commercial cleaning and maintenance business.

8. Upon information and belief, at all times relevant to this Complaint, the corporate defendants employ individuals to perform labor, such as commercial cleaners and maintenance laborers, on their behalf.

9. Upon information and belief, at all times relevant to this Complaint, Individual Defendant Alex has been an owner, partner, officer, and/or manager of American Maintenance and Mayco.

10. Upon information and belief, at all times relevant to this Complaint, Alex managed, owned, controlled and/or operated American Maintenance and Mayco and regularly exercised the authority to hire and fire employees, determine the work schedule of employees, set the rate of pay of employees and control the finances and operations of the business. Additionally, Individual Defendant Alex directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees. By virtue of such control and authority, Individual Defendant Alex was an employer of Plaintiff, and all other similarly situated employees, as such term is defined by the Act, 29 U.S.C. 201.et. seq.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and under 29 U.S.C. § 201, *et. seq.*

12. This Court has supplemental jurisdiction over Plaintiff's NYLL claims because those claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

13. Venue is proper in the district of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this

district, and the Defendants are subject to personal jurisdiction in this district. At all times material hereto, Plaintiff performed non-exempt duties for the Defendants based out of Babylon, in the county of Suffolk, New York, within the jurisdiction and venue of this Court.

14. Upon information and belief, at all times relevant to this Complaint, the corporate defendants were and are an "enterprise engaged in commerce" or in the production of interstate goods for commerce as defined under the Fair Labor Standards Act, 29 U.S.C. §§ 203(r) and 203(s).

15. Upon information and belief, at all times relevant to this Complaint, the corporate defendants' annual gross volume of sales made or business done was not less than approximately $500,000.00.

16. All Defendants are within the personal jurisdiction and venue of this Court. Defendants directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

17. Throughout the relevant period, Defendants employed Plaintiff and similarly situated employees within the meaning of the FLSA and the NYLL. Defendants have substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

18. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## FLSA COLLECTIVE ACTION FACTS

19. Plaintiff brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated – non-exempt commercial cleaners and maintenance workers– who worked in furtherance of Defendants' commercial cleaning and maintenance business, on or after July 17, 2011 (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

20. All of the work that Plaintiff and the FLSA Collective Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Plaintiffs have performed.

21. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern practice, and/or policy of violating the FLSA with respect to Plaintiff and FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to willfully failing to Plaintiff and FLSA Collective Plaintiffs overtime wages for all of the hours that they worked in excess of forty (40) hours per workweek.

22. Defendants are aware of should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs an overtime premium for all hours worked in excess of forty (40) per workweek.

23. Plaintiff and FLSA Collective Plaintiffs all perform or performed similar duties and were all compensated the same rate for each and every work week, regardless of the hours worked.

24. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**FACTS**

25. From in or about 2002, through in or about mid-April, 2014, Plaintiff worked for Defendants' commercial cleaning and maintenance business as a laborer.

26. Plaintiff was scheduled to work in excess of forty (40) hours per workweek.

27. Plaintiff's duties included commercial cleaning and maintenance on behalf of Defendants.

28. Plaintiff was scheduled to work seven (7) days per workweek.

29. Plaintiff routinely worked on average between sixty (60) and eighty (80) hours per week on behalf of Defendants, but was notcompensated at a time and one half rate for all of his hours worked in excess of forty (40) hours per work week.

30. Plaintiff was paid an hourly rate, but was not compensated at one and one-half times his regular rate of pay for all of his hours worked in excess of forty (40) hours per workweek.

31. Plaintiff was paid for some of the hours that he worked in excess of forty (40) hours in a workweek at the proper overtime rate, however, Plaintiff was not paid time and one half for all hours he worked in excess of roty (40) hours in each workweek.

32. During the employment of Plaintiff by Defendants, other laborers employed by Defendants were paid in a similar manner as Plaintiff, and their working schedules were also similar.

33. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

34. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

6

35. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and FLSA Collective Plaintiffs, performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

36. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

37. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

38. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

39. At all relevant times, plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40. The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

41. Defendants are each employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

43. Defendants have failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

44. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

45. Because Defendants' violations of the FLSA have been willful, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

46. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq*.

47. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NYLL

48. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

49. Plaintiff brings this Cause of Action, pursuant to the NYLL, on behalf of himself and all other persons similarly situated – non-exempt commercial cleaners and maintenance workers – who worked in furtherance of Defendants' commercial cleaning business, on or after July 17, 2008 (six years before the filing of the Complaint in this case).

50. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective Action complaint.

51. At all relevant times, Plaintiff, and others similarly situated to Plaintiff, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52. Plaintiff and those similarly situated employees are covered by the NYLL.

53. Defendants failed to pay Plaintiff and employees similarly situated all of the overtime wages to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

54. Defendants have failed to pay Plaintiff and those similarly situated employees all of their overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

55. Plaintiff and similarly situated employees regularly worked between twenty (20) and forty (40) hours in excess of (40) hours each and every work week, excluding those weeks Plaintiff and similarly situated employees were on vacation or sick.

56. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and employees similarly situated to Plaintiff.

57. Defendants' violations of the NYLL, as described in this Collective Action Complaint, have been willful and intentional.

58. Due to Defendants' violations of the NYLL, Plaintiff and similarly situated employees are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6, § 198, and pre-judgment and post-judgment interest.

## COUNT III
## RECOVERY FOR RECORD KEEPING VIOLATIONS
## PURSUANT TO THE NYLL

59. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

60. Defendants have willfully failed to supply Plaintiff and those similarly situated employees, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or similarly situated employees, as their primary language, containing Plaintiff's or employees similarly situated, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

61. Defendants have willfully failed to supply Plaintiff and those employees similarly situated, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours,

10

shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

62. Due to Defendants' violations of the NYLL, Plaintiff and similarly situated employees, are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars each, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself, individually and on behalf of all other similarly situated persons, seeks the following relief:

b. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

c. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

d. An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted by the NYLL;

e. One hundred dollars for each work week that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

f. Attorneys' fees and costs of the actions; and

g. Such other and further relief as this Court deems just and proper.

## **JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 17, 2014    Respectfully submitted,

/s Jodi J. Jaffe
Jodi J. Jaffe, Esq.
E-mail: jjaffe@JaffeGlenn.com
New York Bar No.: JJ8034
**JAFFE GLENN LAW GROUP, P.A.**
Lawrence Office Park
168 Franklin Corner Road
Bldg. 2, Suite 220
Lawrenceville, NY 08648
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
Attorneys for Plaintiff